Swigley v. Jones. '

New York Marine Court.

Chambers—October 23, 1878.

IRIS C. SWIGLEY against J. ALFRED JONES.

Summary proceedings to dispossess a tenant may be maintained under the statute, against the occupant of a furnished house.

Mrs. Iris C. Swigley let the furnished house, No. 41 West Forty-fifth street, to J. Alfred Jones, from August 1, 1878, till May 1, 1879, at $150 per month, with the further proviso that if Mrs. Swigley was absent from and did not receive board upon the premises she was to be entitled to the further sum of $25 per month. Mrs. Swigley availed herself of this provision, and was absent at Saratoga from August 9 to September 9, and upon her return she demanded the aforesaid $25. It was not paid, and she commenced proceedings to dispossess. The tenant's counsel claimed that such proceedings were not maintainable against a furnished house. Judge McADAM overruled this objection, holding that the contract was entire, and must be performed in its entirety ; that the lease called for a fixed rent, and that it could not be apportioned ; and that the fact that furniture was embraced in the lease of the realty did not defeat the summary remedy awarded by statute, as the furniture was a mere incident of the grant, and the landlord had judgment.

Chattels, such as farming implements and furniture, may be demised. So may a flock of sheep or other live animals (1 *Platt on Leases*, 26). These incorporeal hereditaments are but incidents when included in a grant of the realty.

At common law, a landlord might distrain for rent in arrear, but only on a demise of corporeal hereditaments (*Archibald on Landlord and Tenant*, marg. 106), but the landlord nevertheless might distrain for the rent of ready furnished lodgings (Newman v. Anderton, 2 *Bosanquet & Puller's New Rep*. 224), for the rent was holden to issue out of the realty alone. Chief Justice MANSFIELD, in the above case,

said, "It must occur constantly that the value of demised premises is increased by the goods upon the premises, and yet the rent reserved still continues to issue out of the house or land, and not out of the goods; for rent cannot issue out of goods."